UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| EDWARD O'NEAL BOWEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 17-1571 |
| | ) | |
| STEVE KALLIS, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND OPINION

Now before the Court is Petitioner Edward O'Neal Bowen's ("Petitioner" or "Bowen") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1).[1] Also before the Court is Respondent Steve Kallis' Motion to Dismiss (Doc. 9) and Petitioner's Motion to Supplement the Record (Doc. 11). For the reasons set forth below, Respondent's Motion to Dismiss is GRANTED and Petitioner's § 2241 Petition is DISMISSED. Petitioner's Motion to Supplement the Record is DENIED as futile.

### BACKGROUND[2]

Petitioner brings this Petition under 28 U.S.C. § 2241, challenging the validity of his sentence and conviction in the United States District Court for the Western District of Michigan. He pled guilty to three counts of credit union robbery, in violation of 18 U.S.C. § 2113(a) and (d), and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Bowen was sentenced on April 5, 2016, to a total of 181 months'

---

[1] Citations to documents filed in this case are styled as "Doc. __."
[2] As dictated by the analogous federal habeas corpus rules for proceedings under 28 U.S.C. § 2254 and § 2255, the facts recounted here are taken from Respondent's Response to the Petition, (Doc. 11), unless otherwise noted. *See* 28 U.S.C. § 2248.

1

imprisonment, which included 84 consecutive months for brandishing the firearm. He did not appeal.

Petitioner filed a motion under 28 U.S.C. § 2255 listing three grounds for relief: "(1) ineffective assistance of counsel; (2) unconstitutionally vague sentencing enhancement used to enhance his sentence; and (3) bank robbery is unconstitutionally vague." *Bowen v. United States,* No. 17-1148 (6th Cir. 2017) (internal citations omitted). The court denied Petitioner's § 2255 motion as procedurally defaulted. *Bowen v. United States*, No. 17-cv-52 (W.D. Mich. Jan. 25, 2017). The court also explained that Bowen's claims would fail on the merits because Sixth Circuit precedent foreclosed his argument. *Id.* at *3-4 (citing *United States v. Taylor*, 814 F.3d 340, 376 (6th Cir. 2016) (holding that the residual clause in § 924(c)(3) is not unconstitutionally vague)). The Sixth Circuit subsequently denied Petitioner's application for a certificate of appealability. *Bowen v. United States,* No. 17-1148 (6th Cir. Jun. 29, 2017).

Petitioner filed this Petition (Doc. 1) on December 18, 2017. Petitioner challenges his firearm conviction under § 924(c)(1)(A)(ii), which adds a seven-year enhancement to a defendant's sentence when a weapon is brandished during a crime of violence. Section 924(c)(3) provides the definition for "crime of violence" as used in § 924(c)(1):

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and –
>
> (A)   has as an element the use, attempted use, or threatened use of physical force against the person or property of another, [the elements or force clause] or
>
> (B)   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. [the residual clause]

18 U.S.C. § 924(c)(3). Bowen argues his conviction is improper because his predicate offense of bank robbery under 18 U.S.C. § 2113(a)/(d) is not a crime of violence because it does not fall

within the elements clause and the residual clause is unconstitutionally vague. Pet. at pp. 7-8, 12-21 (Doc. 1). Bowen also claims he is entitled to relief due to his counsel's ineffective assistance in failing to argue his bank robbery offense was not a crime of violence and failing to inform him that having an imitation gun was not sufficient for a conviction under § 924(c) prior to the final pre-trial conference (but not prior to his acceptance of the plea deal). Pet. at pp. 8, 21 (Doc. 1).

Respondent filed a Motion to Dismiss (Doc. 9), arguing that Petitioner's claim cannot be brought in a § 2241 petition and that it would fail on the merits. Petitioner filed a response (Doc. 10). Petitioner also filed a Motion to Supplement the Record (Doc. 11) in light of the Supreme Court's April 17, 2018, decision in *Sessions v. Dimaya*, 584 U.S.—, 138 S. Ct. 1204 (2018). This Order follows.

## LEGAL STANDARD

Generally, federal prisoners who seek to collaterally attack their conviction or sentence must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for habeas corpus." *Camacho v. English*, 16-3509, 2017 WL 4330368, at *1 (7th Cir. Aug. 22, 2017) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). The exception to this rule is found in § 2255 itself: a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under the "escape hatch" of § 2255(e), "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Thus, the Seventh Circuit has held that "alternative relief under § 2241 is available only in limited circumstances: specifically,

3

only upon showing "(1) that he relies on 'not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion,' (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is 'grave enough ... to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding,' such as one resulting in 'a conviction for a crime of which he was innocent.'" *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813, 197 L. Ed. 2d 758 (2017) (*citing Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)).

## DISCUSSION

The Court finds that neither of Bowen's claims for relief fall within the § 2255(e) savings clause, and, therefore, are dismissed.

Bowen's first claim for relief is that his firearm conviction under § 924(c)(1) was in error because § 924(c)(3)'s residual clause is unconstitutionally vague and his crime of credit union robbery under § 2113(a) does not fall within the elements clause. Petitioner's argument that § 924(c)(3)'s residual clause is void for vagueness relies primarily on *Johnson v. United States,* 135 S. Ct. 2551 (2015), which held that the residual clause of 18 U.S.C. § 924(e)(2)(B) is unconstitutionally vague. *Id*. at 1263. Petitioner already raised and lost this argument in his § 2255 motion, and cannot use § 2241 to challenge this decision. *See Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002) ("Judges sometimes err, but this does not show that the procedures are inadequate; it shows only that people are fallible"); 28 U.S.C. § 2244(a) ("No [court] shall be required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined by a [court] on a prior application for a writ of habeas corpus, except as provided in section 2255."). More recently, however, in *Sessions v. Dimaya,*

584 U.S.—, 138 S. Ct. 1204 (2018), the Supreme Court held the residual clause of 18 U.S.C. § 16, as incorporated into the Immigration and Nationality Act's definition of aggravated felony, was unconstitutionally vague. *Id.* at 1215-16. Sections 16 and 924(c)(3) are worded identically, so *Dimaya* provides new and stronger support for Bowen's argument that § 924(c)(3)'s residual clause is also unconstitutionally vague.

However, *Dimaya* is of no avail to Bowen. Regardless of whether the residual clause is unconstitutionally vague—and regardless of whether the argument is cognizable under § 2241— Bowen's conviction was proper under the elements clause of § 924(c)(3). In *United States v. Williams*, 864 F.3d 826 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 272, 199 L. Ed. 2d 174 (2017), the Seventh Circuit held that bank robbery under § 2113(a)/(d) categorically qualifies as a crime of violence under the elements clause of § 924(c). *Id.* at 827. Accordingly, Bowen's claim does not fall within the § 2255(e) savings clause because he cannot show there has been a miscarriage of justice.

Petitioner's arguments to the contrary are futile. *Williams* expressly rejected Bowen's argument that bank robbery "by intimidation" does not fall under § 924(c)(3)'s elements clause. *Id.* at 830 ("The explicit or implicit threat of violent force is inherent in the intimidation element, and that is what is required by § 924(c)(3)."). Petitioner argues *Sanders v. United States,* No. CV 16-03808, 2017 US Dist. Lexis 163003 (C.D. Cal. Sept. 29, 2017), contradicts *Williams*. Resp. at *2 (Doc. 10). However, *Sanders* also denied the petitioner's claim that her conviction under § 2113(a)/(d) is not a crime of violence under the elements clause because Ninth Circuit precedent also forecloses such an argument. *Sanders,* 2017 US Dist. Lexis 163003 at *3 ("The Court will deny Sanders's petition on the strength of published Ninth Circuit precedent holding that 2113 armed bank robbery is categorically a violent crime."). Bowen also provides a citation

to *Mathis v. United States,* 136 S. Ct. 2243 (2016), in his Petition, but does not explain how it relates to this analysis.  Pet. at pp. 2 (Doc. 1); Resp. at pp. 1 (Doc. 10).  Further, *Williams* was decided after *Mathis.*  These cases, therefore, do not help Bowen or change the Court's conclusion.  His claim is dismissed.

Petitioner also raises an ineffective assistance of counsel claim.  Pet. at pp. 8, 21 (Doc. 1). He claims his counsel was ineffective for failing to argue that his credit union robbery was not a crime of violence and for failing to inform him that having an imitation gun was not sufficient for a conviction under § 924(c) prior to the final pre-trial conference (but not prior to his acceptance of the plea deal). Neither of these claims makes a statutory argument and clearly do not rest on a new statutory interpretation case.  *Montana,* 829 F.3d at 783.  Both claims were available to him—and included and rejected—in his initial § 2255 motion.  While Petitioner clearly disagrees with the district court's decision on his § 2255 motion, the fact that he brought the claims in a § 2255 motion only further shows that § 2255 was neither inadequate nor ineffective.  *See Taylor,* 314 F.3d at 835-36; *Davenport*, 147 F.3d at 609.  Therefore, this claim is also dismissed.

## CONCLUSION

For the reasons set forth above, Petitioner Bowen's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is DISMISSED.  Respondent's Motion to Dismiss (Doc. 9) is GRANTED.  Petitioner's Motion to Supplement the Record (Doc. 11) is DENIED as futile.  This matter is now terminated.

Signed on this 10th day of December 2018.

*s/ James E. Shadid*
James E. Shadid
Chief United States District Judge